UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------------------------X
In re:

| | |
|---|---|
| | Chapter 13 |
| MICHELE FOLEY, | Case No. 19-23257-SHL |

Debtor.
-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION TO OBTAIN RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND (d)(2),
RELIEF FROM THE CODEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(c)(3),
*IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)(B) AND 11 U.S.C § 105(a),
AND WAIVER OF 14-DAY STAY PURSUANT TO RULE 4001(a)**

**TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:**

I, Érina Fitzgerald, Esq., am an attorney duly admitted to practice law in the Courts

of this State and in the United States Bankruptcy Court for the Southern District of New

York, and I hereby state as follows:

1.      I submit the within Affirmation under penalty of perjury in support of the

motion of the secured creditor, SN Servicing Corporation, as servicer for MNH Sub I, LLC

(the "Movant"), to terminate the automatic stay in this case with respect to the real

property commonly known as 20 Hook Road, Bedford, New York 10506 (the "Premises").

2.      Michele Foley a/k/a Michele S. Foley (the "Debtor") filed the instant

petition for relief under Chapter 13 of the Bankruptcy Code on July 3, 2019.

3.      By the instant motion, the Movant respectfully requests an Order granting:

(a) relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) so that it

may exercise any and all rights and remedies available to it under applicable law with

respect to the Premises, including but not limited to continuing a foreclosure action against the Debtor, and/or any other occupant of the Premises, and completing a foreclosure sale of the Premises; (b) relief from the codebtor stay pursuant to 11 U.S.C. § 1301(c)(3) so that it may exercise any and all rights and remedies available to it under applicable law with respect to the Premises, including but not limited to completing a foreclosure action against Paul Foley a/k/a Paul Foley Jr. a/k/a Paul J. Foley, Jr. (the "Codebtor") and completing a foreclosure sale of the Premises; (c) *in rem* relief, pursuant to 11 U.S.C. § 362(d)(4)(B) and 11 U.S.C § 105(a), such that the automatic stay of any and all future bankruptcy filings by the Debtor, the Codebtor, and/or any person having or claiming an interest in the Premises within two years of the date of said Order will not attach to the Premises and will therefore not prevent the Movant from exercising any and all rights and remedies available to it under applicable law with respect to the Premises; (d) waiver of the 14-day stay of execution rule pursuant to Rule 4001(a); and (e) such other and further relief as this honorable Court may deem just, proper, and equitable.

## FACTUAL AND PROCEDURAL BACKGROUND

4.      On or about January 5, 1988, the Debtor and the Codebtor executed a Note evidencing the indebtedness to CitiBank, N.A., in the amount of $413,000.00, with a negative amortization limit of $454,300.00. As collateral security for the payment of said sum, the Debtor and Codebtor duly executed, acknowledged, and delivered a mortgage in said amount wherein CitiBank, N.A., was granted a mortgage lien against the Premises. The Mortgage was recorded with the Office of the Westchester County Clerk on January 19, 1988, at Liber 11964 and Page 173, and was ultimately assigned to the

Movant by written instrument recorded with the Office of the Westchester County Clerk on March 13, 2013, at Control No. 530673110. Copies of the Note, Mortgage, Assignments, Power of Attorney, and Affidavit of Note Possession are annexed hereto as **Exhibit A**.

5.      The Debtor and Codebtor defaulted on installment payments due on the Mortgage, and, as a result, a foreclosure proceeding was commenced in the Westchester County Supreme Court bearing Index No. 61476/2013 (the "Foreclosure Action")[1] which resulted in the entry of a Judgment of Foreclosure and Sale on or about August 15, 2016. Annexed hereto as **Exhibit B** is a copy of the Judgment of Foreclosure and Sale.

6.      Upon information and belief, in accordance with the relief granted in the Judgment of Foreclosure and Sale, the Movant took efforts and endured costs to schedule a sale of the Premises, and a foreclosure sale was scheduled for December 9, 2016.

7.      The Movant was prohibited from conducting same as a result of the automatic stay triggered by the filing of a bare-bones Chapter 7 bankruptcy petition by the Codebtor *pro se* on December 8, 2016 – the eve of the scheduled foreclosure sale – bearing Case No. 16-23691-RDD (the "First Bankruptcy Case"). Annexed hereto as **Exhibit C** is a copy of the docket for the First Bankruptcy Case.

8.      The Codebtor failed to comply with 11 U.S.C. § 707(a) and on August 7, 2017, upon motion of the Chapter 7 Trustee, this Court entered an Order dismissing the First Bankruptcy Case as the Codebtor failed to provide necessary documents, cure filing

---

[1] Following a previous default on mortgage payments, a prior foreclosure action was commenced in the Westchester County Supreme Court on or about June 22, 2009 bearing Index No. 14078/2009; however, upon information and belief, said action was discontinued due to reinstatement of the mortgage loan.

deficiencies, and appear at the re-scheduled Section 341 Meeting of Creditors. A copy of

the Order Dismissing the First Bankruptcy Case is annexed hereto as **Exhibit D**.

9.    Upon dismissal of the First Bankruptcy Case, the Movant took efforts and

endured costs to schedule a sale of the Premises, and a second foreclosure sale was

scheduled for September 25, 2017. Annexed hereto as **Exhibit E** is a copy of Notice of

Sale and Affidavit of Service of same upon the Debtor and Codebtor.

10.    The Movant was again prohibited from conducting said sale due to the

automatic stay triggered by the filing of yet another bare-bones Chapter 7 bankruptcy

petition by the Codebtor, this time by counsel, on September 18, 2017, bearing Case No.

17-23439-RDD (the "Second Bankruptcy Case"). Annexed hereto as **Exhibit F** is a copy

of the docket for the Second Bankruptcy Case.

11.    Again, the deficient petition was not accompanied by any schedules;

however, said deficiencies were later cured and the schedules filed by the Codebtor list

the debt owed to the Movant, in addition judgment liens secured by the Premises in the

approximate sum of $2,208,670.00. Annexed hereto as **Exhibit G** is a copy of Schedule D

and Schedule E/F filed by the Codebtor in the Second Bankruptcy Case.

12.    As the Codebtor continued to default on post-petition mortgage

payments, on February 26, 2018, this Court entered an order granting to the Movant

relief from the automatic stay to enforce its rights with regard to the Premises. Annexed

hereto as **Exhibit H** is a copy of said Order. Ultimately, the Second Bankruptcy Case

resulted in the entry of an Order Discharging Debtor on May 7, 2018. (See **Exhibit F**.)

13.    As the Movant was granted relief from the automatic stay, while the Second Bankruptcy Case was still pending the Movant again took efforts and incurred costs to schedule a sale of the Premises, and a third foreclosure sale was scheduled for May 14, 2018. Annexed hereto as **Exhibit I** is a copy of Notice of Sale and Affidavit of Service of same upon the Debtor and Codebtor.

14.    The Movant was again prevented from completing the scheduled foreclosure sale due to a third bankruptcy filing by the Codebtor which was commenced two days after the entry of the Discharge Order in the Second Bankruptcy Case, and just five days prior to the third scheduled foreclosure sale, bearing Case No. 18-22698-RDD (the "Third Bankruptcy Case"). Annexed hereto as **Exhibit J** is a copy of the docket for the Third Bankruptcy Case.

15.    The Codebtor continued to default on post-petition mortgage payments while the Third Bankruptcy Case was pending, and as such the Movant sought relief from the automatic stay to complete the foreclosure sale of the Premises. (See **Exhibit J**.)

16.    The Third Bankruptcy Case was commenced by the filing of a deficient Chapter 13 petition, and on August 20, 2018 this Court entered an order dismissing same; however, the dismissal was vacated by this Court on September 21, 2018, based upon the Codebtor's request to convert to a case under Chapter 7. (See **Exhibit J**.)

17.    After the Third Bankruptcy Case was dismissed, and prior to vacatur of the dismissal order, the Movant took steps and incurred costs to re-schedule the foreclosure sale, and a fourth sale of the Premises was scheduled for October 17, 2018.

Annexed hereto as **Exhibit K** is a copy of the Notice of Sale and Affidavit of Service of same upon the Debtor and Codebtor.

18.     The fourth foreclosure sale did not occur as the aforementioned dismissal was vacated by this Court, and although the Third Bankruptcy Case was reinstated per this Court's order directing conversion to Chapter 7, same was ultimately converted to a Chapter 11 case instead, which is still pending before this Court. (See **Exhibit J**.)

19.     On October 12, 2018, this Court entered an Order directing Codebtor to make adequate protection payments to the Movant in the amount of $4,352.74 per month commencing October 22, 2018 (the "Adequate Protection Order"). Annexed hereto as **Exhibit L** is a copy of the Adequate Protection Order.

20.     Upon information and belief, the Codebtor made one payment in accordance with the Adequate Protection Order on or about November 23, 2018, and thereafter defaulted on the remaining adequate protection payments which this Court directed to Codebtor remit to the Movant. Thus, on January 15, 2019, this Court entered an Order granting the Movant relief from the automatic stay to complete the foreclosure sale of the Premises. (See **Exhibit J**.)

21.     Based on same, the Movant again took steps and incurred costs to reschedule the foreclosure sale of the Premises, and a fifth sale was scheduled for June 5, 2019. Annexed hereto as **Exhibit M** is a copy of the Notice of Sale and Affidavit of Service of same upon the Debtor and Codebtor.

22.     The Movant was yet again prevented from completing the scheduled sale of the Premises, as the Debtor sought entry of an Order to Show Cause in the

6

Westchester Supreme Court, which was entered on June 4, 2019 – the eve of the

scheduled foreclosure sale – and which specifically granted a limited stay until July 8,

2019, denying any future adjournments and ordering the sale to go forward on said

date. Annexed hereto as **Exhibit N** is a copy of said Order to Show Cause.

23.     In accordance with the direction of the Westchester Supreme Court, the

foreclosure sale was re-scheduled, and a sixth sale of the Premises was scheduled for

July 8, 2019. Annexed hereto as **Exhibit O** is a copy of the Notice of Sale and Affidavit

of Service of same upon the Debtor and Codebtor.

24.     Yet again, the Movant was prevented from completing the scheduled

foreclosure sale due to the commencement of the instant case by the Debtor on July 3,

2019. (See this Court's docket.) The instant case was commenced by the filing of a

deficient Chapter 13 petition without schedules or a Chapter 13 Plan, while the Third

Bankruptcy Case filed by the Codebtor is still pending before this Court – albeit without

any apparent steps being taken by the Codebtor to conclude same or otherwise confirm

a Chapter 11 Plan of reorganization. (See **Exhibit J**.)

25.     On July 8, 2019, this Court entered a Deficiency Notice regarding

dismissal of the instant case. (See ECF Docket No. 4.)

26.     On July 24, 2019, the Debtor filed completed schedules which list the debt

owed to the Movant, in addition judgment liens secured by the Premises in the

approximate sum of $351,571.00. Annexed hereto as **Exhibit P** is a copy of Schedules D

and E/F filed by the Debtor. Although the Codebtor's schedules listed judgment liens

in the amount of approximately $2,208,670.00, the Debtor's schedules instead list the

amounts owed to the same judgment creditors as "unknown". The Debtor lists neither

priority unsecured creditors nor general unsecured creditors.

27.    The Debtor also filed Schedules I and J, listing the Debtor's gross

household income in the amount of $6,200.00 and monthly expenses of $5,700.00, non-

inclusive of and rental or homeownership expenses/mortgage payment with regard to

the Premises. Annexed hereto as **Exhibit Q** is a copy of Schedules I and J filed by the

Debtor. Thus, the Debtor has disclosed a net household income of only $500.00 per

month.

28.    Finally, the Debtor filed a proposed Chapter 13 Plan which proposes to

pay $500.00 per month for 60 months – resulting in a total of $30,000.00 to be paid to the

Chapter 13 Trustee – but is curiously silent with regard to treatment of the secured

claims of the Movant and the various judgment creditors proposing no repayment

toward same. (See ECF Docket No. 12.)

29.    Pursuant to the Relief from Stay – Real Estate and Cooperative

Apartments Worksheet filed in support of the instant motion dated August 13, 2019,

2019 and submitted herewith, the Debtor has remained in default on mortgage

payments since the payment due June 1, 2010 – with the exception of the single

payment remitted in accordance with the Adequate Protection Order entered in the

Third Bankruptcy Case filed by the Codebtor – with the amount of approximately

$483,727.49 due and owing to the Movant as of the filing of the instant Bankruptcy. In

addition, the Debtor has not remitted any post-petition adequate protection payments

to the Movant[2], nor filed a Chapter 13 Plan which proposes to pay the pre-petition arrears. A true and correct copy of the Relief from Stay – Real Estate and Cooperative Apartments Worksheet is annexed hereto as **Exhibit R**.

30.    A Broker Price Opinion of the Premises estimates a fair market value of $829,733.00 as of July 16, 2019. A copy of the Broker Price Opinion is annexed hereto as **Exhibit S.**

## CONCLUSION

In light of the foregoing, the Movant respectfully requests that this honorable Court enter the proposed Order annexed hereto as **Exhibit T**, and grant the Movant: (a) relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) so that it may exercise any and all rights and remedies available to it under applicable law with respect to the Premises, including but not limited to continuing a foreclosure action against the Debtor and/or any other occupant of the Premises and completing a foreclosure sale with regard to same; (b) relief from the codebtor stay pursuant to 11 U.S.C. § 1301(c)(3) so that the Movant may exercise any and all rights and remedies available to it under applicable law with respect to the Premises, including but not limited to continuing a foreclosure action against the Codebtor, Paul Foley a/k/a Paul Foley Jr. a/k/a Paul J. Foley, Jr., and completing a foreclosure sale with regard to the Premises; (c) *in rem* relief, pursuant to 11 U.S.C. § 362(d)(4)(B) and 11 U.S.C § 105(a), such that the automatic stay of any and all future bankruptcy filings by the Debtor, the Codebtor, and/or any person having or

---

[2] No post-petition payments are due to the Movant at this time, as the mortgage matured by its terms on February 1, 2018.

claiming an interest in the Premises within two years of the date of said Order will not

attach to the Premises and will therefore not prevent the Movant from exercising any and

all rights and remedies available to it under applicable law with respect to the Premises.

Based on the foregoing, it is also requested that the Rule 4001(a) 14-day stay of

execution of this order is hereby waived.

The Movant also requests an award of $850.00 in attorney fees, and $181.00 as

reimbursement for Movant's fees for filing the within motion.

No prior application has been made for this or like relief.

**WHEREFORE**, SN Servicing Corporation, as servicer for MNH Sub I, LLC

respectfully requests an Order granting its application in its entirety; and for such other

relief as this court deem just and proper.

Dated:    Fishkill, New York
          August 16, 2019

**KNUCKLES, KOMOSINSKI & MANFRO, LLP**
*Attorneys for SN Servicing Corporation, as servicer
for MNH Sub I, LLC*

By:    /s/ Érina Fitzgerald
       ÉRINA FITZGERALD, ESQ.
       300 Westage Business Center, Suite 160
       Fishkill, New York 12524
       (914) 345-3020
       ef@kkmllp.com

       *Main Office:*
       565 Taxter Road, Suite 590
       Elmsford, New York 10523